# Yardley National Bank *v.* Vansant, Appellant.

*Promissory notes—Affidavit of defense—Practice, C. P.*

In an action upon a promissory note an affidavit of defense is insufficient in which the defendant admits that he made a note identical with the copy filed in date, in amount, in payee and in time and place of payment, and that the note passed by indorsement to the plaintiff in renewal of his prior note which the plaintiff had discounted, and the only difference averred between the copy filed, and the note alleged to have been made is that the latter contained the words and figures, "In renewal of $5,000 note."

Argued Jan. 15, 1906. Appeal, No. 95, Jan. T., 1905, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1904, No. 719, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Yardley National Bank v. Edward A. Vansant. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a promissory note.

Rule for judgment for want of a sufficient affidavit of defense.

The averments of the affidavit of defense are sufficiently stated in the opinion of the Supreme Court.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Hopple & Buckman*, for appellant, cited : Acme Mfg. Co. v. Reed, 181 Pa. 382; White v. Sperling, 24 Pa. Superior Ct. 120; Citizens' Nat. Bank v. Piollet, 126 Pa. 194; Iron City Nat. Bank v. McCord, 139 Pa. 52.

*Alfred N. Keim*, with him *Carroll R. Williams*, for appellee, cited : Overton v. Tyler, 3 Pa. 346.

OPINION BY MR. JUSTICE FELL, March 5, 1906 :

This appeal is from an order making absolute a rule for judgment for want of a sufficient affidavit of defense in an action by an indorser against the maker of a promissory note. The statement of claim contains a copy of the note and averments of indorsements and deliveries by which the plaintiff became the holder for value, before maturity and without notice of any defense. The defendant avers in his affidavit of defense, " That he never made or authorized anyone to make on his behalf a promissory note whereof the writing averred to be a copy in the statement of plaintiff's claim is a copy. Deponent did make a promissory note on November 16, 1904, in which he promised to pay six days after the date thereof to the order of Elias Hogeland, at the Yardley National Bank, five thousand dollars ($5,000), but written upon the face of and as part of the said note, were the words and figures following, 'In renewal of $5,000 note,' which note was made under the circumstances following." A detailed statement is then made of the circumstances under which the note was given and of the facts relied on as a defense on the merits.

The defendant admits that he made a promissory note identical with the copy filed in date, in amount, in payee and in time and place of payment, and that the note passed by indorsement to the plaintiff in renewal of his prior note which it had discounted. The only difference between the

copy filed and the note alleged to have been made is that the latter contained the words and figures, " In renewal of $5,000 note." It is unnecessary to consider what effect should be given to an admission in an affidavit of defense which supplements a defective statement by supplying omitted facts. The statement filed showed a complete cause of action. The part of the note omitted from the copy did not make the note an incomplete obligation. It was not a part of the contract to pay 'but a memorandum added for .the purpose of identification, and it in no way affected the negotiability of the note.

The merits of the defense set out in the affidavit were not discussed in the argument of the case. The facts alleged show only that the defendant was an accommodation maker of the note.

The judgment is affirmed.